UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AMERICAN PACIFIC PLYWOOD, INC., ) | |
| Plaintiffs, ) | |
| v. ) | Ct No. 22-00214 |
| UNITED STATES, ) | |
| Defendant. ) | |

**COMPLAINT**

Plaintiff, American Pacific Plywood, Inc. ("APPI"), by and through its undersigned attorneys, Barnes, Richardson & Colburn, LLP., alleges and states as follows:

**ADMINISTRATIVE DECISIONS TO BE REVIEWED**

1.    Plaintiff contests both the January 28, 2022, affirmative final determination issued under 19 U.S.C. § 1517(c) by U.S. Customs and Border Protection's ("CBP") Trade Remedy & Law Enforcement Directorate ("TRLED"), which found evasion ("*Evasion Determination*"), under the Enforce and Protect Act ("EAPA") in EAPA Consolidated Case Number 7252, and the June 6, 2022, decision under 19 U.S.C. § 1517(f) issued by CBP's Office of Regulations and Ruling ("OR&R") in administrative appeal number H323923 ("*Appeal Determination*") affirming the *Evasion Determination*, as supplemented by OR&R on July 6, 2022 in administrative appeal number H325765 ("*Supplemental*

1

*Determination*").

## JURISDICTION

2.      The U.S. Court of International Trade has jurisdiction over APPI's action pursuant to 19 U.S.C. § 1517(g)(1) and 28 U.S.C. § 1581(c).

## STANDING

3.      Plaintiff is the U.S. importer of record of some of the merchandise subject to CBP's EAPA Consolidated Case Number 7252 (*EAPA Consol. Case No. 7252)* and was adversely affected or aggrieved by CPB's actions within the meaning of 5 U.S.C. § 702.  As such, APPI may seek judicial review of CBP's *Evasion Determination, Appeal Determination* and *Supplemental Determination* under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1517(g)(1).

## TIMELINESS OF THIS ACTION

4.      On June 6, 2022, OR&R issued its *Appeal Determination* and then supplemented it by filing the *Supplemental Determination* on July 6, 2022. Accordingly, APPI timely initiated this action within the time specified by 19 U.S.C. § 1517(g)(1) (*i.e.*, not later than 30 business days after CBP completes an administrative review under 19 U.S.C. § 1517(f)).

## STATEMENT OF FACTS

5.      Between May 1, 2018, and November 1, 2018, APPI entered into the United States 20 shipments of hardwood plywood from Vietnam Finewood Company Limited ("Finewood"), a Vietnam-based manufacturer of hardwood plywood.

2

6.      On July 9, 2018, Plywood Source, LLC ("Plywood Source") filed a petition with CBP pursuant to 19 U.S.C. § 1517 and 19 C.F.R. § 165.11, alleging that APPI, originally identified incorrectly in the petition as Cosco Star International Co., Ltd, and four other importers, Far East American, Inc., ("FEA"), Liberty Woods International, Inc., ("Liberty"), Ciel Group, Inc., ("Ciel"), and InterGlobal Forest, LLC., ("InterGlobal") (collectively the "Importers") were evading *Certain Hardwood Plywood Products from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Order*, 83 Fed. Reg. 504 (Jan. 4, 2018) and *Certain Hardwood Plywood Products from the People's Republic of China:  Countervailing Duty Order*, 83 Fed. Reg. 513 (Jan 4, 2018) (hereafter collectively the "*Orders*") by importing from Finewood Chinese-origin hardwood plywood subject to the Orders and falsely declaring them of Vietnamese-origin, without the deposit of antidumping duties and countervailing duties.

7.      At no point has APPI been provided a copy of Plywood Source's original petition.

8.      CBP acknowledged receipt of Plywood Source's filed allegation on July 25, 2018.

9.      On August 15, 2018, TRLED initiated separate EAPA investigations against the Importers (EAPA investigations 7252, 7253, 7254, 7255 and 7256), finding that Plywood Source's allegations reasonably suggested that each of the Importers had entered Chinese-origin hardwood plywood into the United States

through evasion and had made material false statements, acts or material omissions relating to those entries that resulted in the failure of the Importers to make cash deposits of applicable antidumping or countervailing duties. The EAPA investigation initiated against APPI was originally captioned *EAPA Case No. 7254*.

10.    APPI was not made aware that CBP had initiated *EAPA Case No. 7254*, nor did it learn of the investigation until November 20, 2018. APPI was not allowed at any point during this period to see Plywood Source's alleged evidence, defend against Plywood Source's allegations or to otherwise participate in the investigation on its behalf.

11.    On October 24, 2018, officers from CBP and from U.S. Immigration and Customs Enforcement ("ICE") appeared without notice at Finewood's plant in Vietnam and scheduled an appointment to return on the next day.

12.    On October 25, 2018, officers from CBP and ICE returned to Finewood's plant. As memorialized in CBP's Interoffice Memorandum of October 29, 2018 (hereafter the "*Attaché Report*"), the officers toured the facility and made visual observations but did not review purchase, sales, or production records because of time constraints. The *Attaché Report* noted that Finewood personnel interviewed by CBP and ICE did not speak English and some did not speak Vietnamese. Instead of providing unbiased professional translators, the interviews continued using CBP personnel to translate English into Vietnamese, which then required Finewood personnel to translate Vietnamese into Chinese where necessary.

4

13.     At no point has APPI been provided an unredacted copy of the *Attaché Report* or a public summary of the redacted portions of it.

14.     On November 20, 2018, the Importers received from CBP notices of initiation ("*Notice of Initiation*") pursuant to 19 C.F.R. § 165.15(d)(1), informing them for the first time that they were under EAPA investigations for the alleged evasion of the Orders.  This letter also consolidated the five cases into *EAPA Consol. Case No. 7252.*

15.     The *Notice of Initiation* defined August 15, 2018, as the date that CBP initiated this EAPA investigation against APPI and the other Importers.

16.     The *Notice of Initiation* defined the period of investigation per 19 C.F.R. § 165.2 as running from July 25, 2017, through the pendency of the investigation; therefore, the Importers' entries of hardwood plywood from Finewood that entered the United States for consumption or withdrawn for consumption during this period were covered by the investigations.

17.     The *Notice of Initiation* documented that CBP relied on two videos provided by Plywood Source as support for its decision, which were provided to suggest APPI and the other Importers were engaged in evasion.  One video was characterized in the *Notice of Initiation* as showing workers offloading crates "**purported** to be plywood from China" (emphasis added).  The other video was described in the *Notice of Initiation* as depicting a container of pre-packaged, but unidentified product "**purported** to be plywood from China" (emphasis added).

18.     These videos were later found by CPB at page 20 of its *Appeal*

*Determination* to not "provide any relevant evidence of transshipment or evidence of Finewood's product capacity, or lack thereof . . .."  In that document, CBP stated that the videos lacked audio, were of poor quality and could not establish that the videos were of merchandise covered by the *Orders*.

19.    The *Notice of Initiation* memorializes that CBP relied on spreadsheets provided by Plywood Source purporting to be "Official Vietnamese Customs Data" as another basis for its decision to initiate *EAPA Consol. Case No. 7252*.  This collection of spreadsheets purporting to show shipments of hardwood plywood from Finewood to APPI and the other Importers in 2018 are annotated with Plywood Source's request for confidentiality (*i.e.*, anonymity) of their source.

20.    CBP acknowledged at footnote 15 of the *Evasion Determination* that rather than independently confirm the veracity of this data by interviewing its source, CBP merely accepted Plywood Source's representation that the data was valid.

21.    The *Notice of Initiation* also constituted notice to the importers of the imposition by CBP of "interim measures" under 19 C.F.R. § 165.24(a).  These measures included 1) suspending liquidation of APPI and the other Importers' entries of hardwood plywood from Vietnam entered on or after August 15, 2018; 2) rate-adjusting all unliquidated entries under the investigation that had been entered as not subject to the *Orders* to reflect that they were subject to the *Orders* and requiring cash deposits; 3) requiring "live entry" on all future imports from the Importers; 4) extending the liquidation period for all unliquidated entries entered before August 15, 2018; and 5) evaluating the Importers' continuous bonds and

requiring single transaction bonds as appropriate.

22.     At no point has APPI been provided an unredacted copy of the *Notice of Initiation* or a public summary of the redacted portions of it.

23.     After the *Notice of Initiation* was issued, TRLED issued requests for information ("RFI") in the form of questionnaires and supplemental questionnaires to the Importers and to Finewood.  APPI responded on March 4, 2019, and April 20, 2019, by providing TRLED with documents concerning its transactions with Finewood.

24.     APPI produced Finewood's production records for each shipment of hardwood plywood APPI imported during the period of investigation, including documents relating to the requisition of materials by Finewood, receipts of materials used in production, delivery of core platforms and font/back birch veneers for final production, and stock out records for core platforms and front/back veneers used by Finewood in production.   APPI documented Finewood's raw material purchases for its production of hardwood plywood and produced material invoices and payment records evidencing Finewood's purchases of core platforms, veneers of various wood species, poplar two-ply cores and birch veneers used in the production of APPI's orders.   APPI also produced certificates of origin issued by the Vietnam Chamber of Commerce and CARB certificates for each of APPI's shipments.

25.     On March 16, 2019, and March 17, 2019, members of CBP and its Regulatory Audit and Agency Advisory Services ("RAAAS") conducted an on-site verification at Finewood's factory, resulting in the issuance of a verification

report ("*Verification Report*") on July 24, 2019.

26.      CBP and RAAAS, in the *Verification Report*, confirmed that the Importers, including APPI, had provided invoices, shipping records, payment records and CBP entry documents.  The *Verification Report* noted that RAAAS audited a portion of these documents and concluded that no discrepancies were noted during its verification of original production and sales documents when compared to those submitted by Finewood in its RFI responses.

27.      The documents APPI provided in response to the RFI, which established that the hardwood plywood imported by APPI was produced by Finewood in Vietnam, were not deemed deficient or improper in anyway by CBP and RAAAS in the *Verification Report*.

28.      The audit results reported in the *Verification Report* did not find evidence that Finewood imported finished hardwood plywood from China that was then transshipped to the United States, but rather that Finewood imported Chinese origin two-ply core platforms ("Chinese two-ply"), which were used as inputs in Vietnam in the production of Finewood's finished hardwood plywood.

29.      During the audit, Finewood explained to CBP and RAAAS that it outsourced some of its core production to other companies in Vietnam (the "tollers"), and that it provided the tollers core veneers and core platforms, including Chinese origin two-ply core platforms, as inputs for their use in producing finished cores.

30.      In turn, the finished cores were returned from the tollers to

Finewood, where face and back veneers, typically of birch, were then applied to create finished hardwood plywood.

31.     The use of tollers allowed Finewood to increase its production of finished plywood.

32.     Not all the hardwood plywood produced by Finewood contained Chinese two-ply.

33.     At no time has APPI been provided an unredacted copy of the *Verification Report* or a public summary of the redacted portions of it.

34.     CBP must issue a determination of evasion under the EAPA no later than 300 calendar days after the date the investigation was initiated.

35.     A determination of evasion must be communicated to the party that filed the EAPA allegation that led to the initiation of investigation within five business days of that determination.

36.     Information discovered by CBP during its EAPA investigation that resulted in a determination of evasion may be communicated to importers subject to that EAPA investigation within five business days of that determination.

37.     CBP may extend the 300 days deadline for issuing its determination of evasion under the EAPA by no more than 60 calendar days if CBP determines that the investigation is extraordinarily complicated because of the number and complexity of the transaction to be investigated, the novelty of the issues presented or the number of entities being investigated, and the additional time is

necessary to make a determination of evasion.

38.     On January 30, 2019, CBP informed APPI, the Importers and all other parties to any ongoing EAPA case that it was uniformly tolling all deadlines in all EAPA cases by 37 days because of a government shutdown.

39.     On July 18, 2019, CBP informed APPI that pursuant to 19 U.S.C. § 1517(c)(1)(B) and 19 C.F.R. § 165.22(c) it was extending by 60 days its period to issue its final determination of evasion. *Notice of Extension of Final Determination* (July 18, 2019) (*Extension Notice*).

40.     After taking into consideration the 37 days where all deadlines were tolled and the 60-day extension, September 18, 2019 was the 300th calendar day after *EAPA Consol. Case No. 7252* had been initiated. *See, Extension Notice*. Thus, September 25, 2019, was the fifth business day after the 300th calendar day after *EAPA Consol. Case No. 7252* was initiated.

41.     CBP did not issue a final determination of evasion in *EAPA Consol. Case No. 7252* on or prior to September 18, 2019.

42.     Upon information and belief, a determination of evasion in *EAPA Consol. Case No. 7252* was not communicated to Plywood Source on or prior to September 25, 2019.

43.     Neither the determination of evasion in *EAPA Consol. Case No. 7252* nor information discovered by CBP during that EAPA investigation was communicated to APPI on or prior to September 25, 2019.

44.     Instead, on September 25, 2019, CBP informed the Importers and Plywood Source by email that it was unable to determine whether certain merchandise shipped from Finewood to the Importers was within the scope of the *Orders*.  Thus, CBP gave notice to APPI and the other Importers that CBP had referred the scope issue to the U.S. Department of Commerce ("Commerce") for a scope determination.  CBP also announced that this referral stayed CBP's now passed deadline to issue a determination of evasion until Commerce determined the applicability of the *Orders* to the merchandise under review.

45.     Upon information and belief, CBP had transmitted its covered merchandise referral to Commerce on September 16, 2019.

46.     On January 13, 2020, Commerce initiated its scope determination on the issue of whether Chinese-origin two-ply, and hardwood plywood manufactured using Chinese two-ply, were with the scope of the *Orders*.

47.     On March 11, 2020, and March 19, 2020, Commerce instructed CBP to liquidate entries of Finewood's shipments at the cash deposit rate required at the time of entry (206%), notwithstanding the ongoing scope review of the *Orders* Commerce was now conducting.

48.     Thereafter, CBP began liquidating some of APPI's entries of shipments from Finewood at 206%.  These entries were under investigation in *EAPA Consol. Case No. 7252*.  CBP's liquidations proceeded notwithstanding the ongoing scope review of the *Orders* or the existing interim measures set out in the *Notice of Initiation* requiring suspension of liquidation pursuant to 19 U.S.C. §

11

1517(c) and 19 C.F.R. § 165.24 of all unliquidated entries involved in *EAPA Consol. Case No. 7252*.

49.     On September 2, 2020, APPI timely filed administrative protest 2704-20-142185 contesting CBP's unlawful premature liquidations of certain APPI entries subject to *EAPA Consol. Case No. 7252*.

50.     On January 21, 2022, Commerce issued its scope ruling, concluding that the further processing of Chinese origin two-ply in Vietnam into hardwood plywood did not substantially transform the Chinese two-ply, and that two-ply was a certain type of veneered panel.  As a result, Commerce concluded that plywood produced by Finewood in Vietnam using Chinese two-ply remained Chinese origin for purposes of the *Orders*.

51.     Currently, Commerce's January 21, 2022, scope ruling based on CBP's referral of *EAPA Consol. Case No. 7252* is the subject of litigation in *Vietnam Finewood Company Limited, et., al v. United States,* U.S. Court of International Trade ("CIT") Ct. No. 22-00049 and *Interglobal Forest LLC v. United States,* CIT Ct. No. 22-00053.

52.     Commerce transmitted the scope ruling determination to CBP on January 27, 2022, as per its January 27, 2022 letter posted on Commerce's ACCESS public database.

53.     On January 28, 2022, CBP issued its *Evasion Determination*, concluding that APPI and the other Importers evaded the *Orders* and had done so by

means prohibited by 19 U.S.C. § 1517 and 19 C.F.R. § 165.  The decision was based on CBP's conclusion that substantial evidence existed demonstrating that APPI and the other Importers had imported Chinese-origin hardwood plywood subject to the *Orders*.

54.     In the *Evasion Determination*, CBP acknowledged that a portion of the hardwood plywood produced by Finewood was not within the scope of the Orders but concluded that "no feasible method on the record" existed to differentiate products subject to the Orders and products outside the scope of the Orders.

55.     Finewood had produced a document in response to the RFIs identifying which of its orders were filed using Chinese two-ply to make the hardwood plywood and which were not.

56.     APPI and Finewood produced to CBP in response to the RFIs documentation establishing the production of the hardwood plywood Finewood sold to APPI, including documentation establishing the origin of all materials, including Chinese two-ply, used by Finewood or its tollers in the manufacture of the hardwood plywood imported by APPI.

57.     On February 25, 2022, APPI and some of the other Importers requested that CBP stay further proceedings in *EAPA Consol. Case No. 7252* until 30 days after a final decision in *Vietnam Finewood Company Limited, et., al v. United States,* U.S. Court of International Trade ("CIT") Ct. No. 22-00049, as a final decision on the merits in that case would be controlling authority on the scope of the *Orders*, and thus has a direct impact on the outcome of  *EAPA Consol.*

*Case No. 7252.*

58.     On February 25, 2022, TRLED responded by email to APPI's and the other Importers' request for a stay in proceeding by stating that CBP had no authority under the regulations to alter the deadline for requesting administrative review pursuant to 19 U.S.C. §1517(f).

59.     On March 14, 2022, APPI timely requested an administrative review of the *Evasion Determination* as provided for by 19 U.S.C. §1517(f) and 19 CFR §165.41.  The Importers Liberty, FEA and Interglobal also timely filed requests for administrative reviews.

60.     On June 6, 2022, OR&R issued its decision on APPI's administrative appeal of the *Evasion Determination.*  The *Appeal Determination* was also issued in response to the administrative appeals filed by Liberty and FEA.  In the *Appeal Determination*, OR&R concluded that substantial evidence on the administrative record supported CBP and TRLED's findings that APPI and the other Importers evaded the *Orders* and imported covered merchandise within the meaning of 19 U.S.C. § 1517(a)(3) through evasion within the meaning of 19 U.S.C. § 1517(a)(5)(A).

61.     OR&R, in the *Appeal Determination*, did not address APPI's or the other Importers arguments relating to CBP's alleged failures to meet statutory deadlines and CBP's alleged abuses of due process and procedural discretions during its prosecution of *EAPA Consol. Case No. 7252*, instead characterized such due process and procedural issues as beyond the agency's statutory authority of

14

review in an EAPA case.

62.     OR&R noted how its referral to Commerce for a scope ruling on whether Chinese two-ply and hardwood plywood made using Chinese two-ply were covered by the *Orders* was authorized under the EAPA, and that it had no authority to deviate from Commerce's subsequent finding that Chinese two-ply and hardwood plywood made using it, was within scope of the *Orders*.  In the *Appeal Determination*, OR&R recognized the ongoing litigation over whether Chinese two-ply was within the scope of the *Orders* but stated it could not stay *EAPA Consol. Case No. 7252* pending resolution of that litigation.

63.     In evaluating whether substantial evidence on the record substantiated the findings in the *Evasion Determination*, OR&R found that the videos submitted by Plywood Source to CBP pursuant to 19 U.S.C. § 1517 and 19 C.F.R. § 165.11 as the basis for its petition were not relevant evidence of transshipment by Finewood or evidence that Finewood lacked production capacity.

64.     In evaluating whether substantial evidence on the record substantiated the findings in the *Evasion Determination*, at page 20 of its *Appeal Determination,* OR&R recognized as "undisputed" that Finewood's hardwood plywood was not exclusively made with Chinese-origin two-ply.

65.     Pursuant to 19 U.S.C. § 1517(a)(3), "covered merchandise" under the EAPA is limited to merchandise subject to an existing antidumping or countervailing duty order.

66.     Pursuant to 19 U.S.C. § 1517 (a)(5), only covered merchandise can be

subject to a determination of evasion under the EAPA.

67.     In the *Appeal Determination*, OR&R dismissed APPI and the other Importers position that TRLED failed to distinguish between shipments that contained hardwood plywood made using Chinese-origin two-ply (and thus would be "covered merchandise") from those made without Chinese-origin two-ply (and thus not covered merchandise) in the *Evasion Determination* as a "mistaken{} . . . attempt to shift the burden of proof from the Importers to CBP, for CBP to disprove evasion . . .."

68.     OR&R mischaracterized Finewood's production records that APPI had submitted on April 2, 2019, pursuant to CBP's RFI, which established which of APPI's orders of finished hardwood plywood from Finewood **did not** contain Chinese two-ply as well as those that did contain it.  In the *Appeal Determination,* OR&R incorrectly referred to the records showing Finewood's purchases of cores and veneer as records of purchases made by APPI, when in fact the records were of Finewood's purchases.  Notwithstanding that error, OR&R acknowledged that, at a minimum, this data showed that a portion of Finewood's production of hardwood plywood sold to APPI did not contain Chinese two-ply and thus would not be covered merchandise.

69.     OR&R also mischaracterized the record when it stated that the documents provided by APPI could not tie specific APPI entries to the Finewood production records for the imported hardwood plywood.  To the contrary, the documents submitted by APPI in reply to the RFI are very traceable as explained

in detail at pages 24-26 of APPI's *Business Proprietary Version of Request for Administrative Review of Determination of Evasion*, (Mar. 14, 2022).  These documents clearly established the identity of the seventeen entries made by APPI that contained no Chinese two-ply.

70.    OR&R rejected the Importers' arguments that they lacked the requisite intent to evade the *Orders*, notwithstanding the various investigation conducted by the Importers of Finewood's production capacities.  OR&R characterized the EAPA statute as one of strict liability.

71.    OR&R concluded in its *Appeal Determination* that the record supported a finding of evasion, and that APPI's and the other Importers' shipments were made by material and false statements when they were not declared as type "03" entries, subject to antidumping duty and countervailing duty.  OR&R affirmed the *Evasion Determination*, stating at page 28: "{w}e conclude that the record supports a finding of evasion as defined by EAPA; therefore, TRLED's finding of evasion stands.  The record shows that the Requesters all made type "01" entries of plywood into the United States, declared as not subject to the AD/CVD Orders.  These entries should have been made as type "03" entries, subject to the AD/CVD Orders.  It was material and false for these entries to be made as type "01" entries.  That the material falsehood may have occurred as a result of a mistake does not mean that evasion has not occurred – a falsity within the meaning of the EAPA statute can occur as a result of a mistake.  In our view, the record as a whole, does not support APPI, FEA, and

LWI's assertions that CBP should conclude that their entries were not subject to the AD/CVD Orders."

72.    On June 6, 2022, OR&R contacted APPI and the other Importers via email to advise that due to an "inbox spam blocking malfunction," InterGlobal's timely-filed request for administrative review of the *Evasion Determination* had not been considered by OR&R prior to it issuing its *Appeal Determination* in *EAPA Consol. Case No. 7252*.  OR&R announced it would review InterGlobal's submission and issue a supplemental *Appeal Determination* in the future.

73.    On July 6, 2022, OR&R issued its *Supplemental Determination*.  The *Supplemental Determination* addressed InterGlobal's arguments specifically, but affirmed the *Evasion Determination*, finding that "the record on a whole does not support IGF, APPI, FEA and LW's assertions that CBP should conclude that their entries were not subject to the AD/CVD Orders."

## COUNT I

74.    The allegations of paragraphs 1 through 73 are restated and incorporated herein by reference.

75.    A determination as to whether covered merchandise was entered through evasion must be based on substantial evidence.  19 U.S.C § 1517(c)(1)(A); 19 C.F.R. § 165.27(a).

76.    CBP determined that the record supported a finding of evasion and that the record, taken as a whole, did not support APPI's assertions that Finewood and its tollers had the capacity to produce, and in fact did produce, the imported

hardwood plywood in Vietnam.  The administrative record does not support CBP's determination, but rather establishes that Finewood could and did produce all the finished hardwood plywood it exported to APPI.  Contrary to the representations made by Plywood Source in its original EAPA petition and upon which CBP commenced *EAPA Consol. Case No. 7252*, the record contains no evidence, much less substantial evidence, that Finewood imported finished hardwood plywood from China and then resold it to APPI.

77.     Thus, CBP's determinations in the *Evasion Determination,* the *Appeal Determination,* and the *Supplemental Determination* in *EAPA Consol. Case No. 7252* that APPI imported covered merchandise through evasion were arbitrary and capricious, an abuse of discretion and in violation of 19 U.S.C. § 1517(g)(2) and 5 U.S.C. § 706, or otherwise not in accordance with law, and unsupported by substantial evidence as required under 19 U.S.C. § 1517(c)(1)(A).

## **COUNT II**

78.     The allegations of paragraphs 1 through 73 are restated and incorporated herein by reference.

79.     CBP's determination that all of APPI's imports of hardwood plywood from Finewood were "covered merchandise" was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law and unsupported by substantial evidence.  The EAPA statute defined "covered merchandise" as "merchandise that is subject to" an antidumping or countervailing duty order.  19 U.S.C. § 1517(a)(3).

80.     Substantial evidence on the administrative record establishes that

much of the hardwood plywood imported by APPI was produced in Vietnam without the use of Chinese two-ply as a production input. The administrative record, when viewed as a whole, documents from production through entry into the United States the origin of each shipment of hardwood plywood APPI received from Finewood, and this information clearly established that most of APPI's entries were made in Vietnam without the incorporation of Chinese two-ply.

81. Hardwood plywood manufactured in Vietnam without the incorporation of Chinese two-ply is outside the scope of the *Orders*, so those shipments to APPI from Finewood of hardwood plywood made in Vietnam without Chinese two-ply are not "covered merchandise."

82. Thus, CBP's determinations in the *Evasion Determination,* the *Appeal Determination* and the *Supplemental Determination* in *EAPA Consol. Case No. 7252* that shipments to APPI from Finewood of hardwood plywood made in Vietnam without Chinese two-ply were "covered merchandise" were arbitrary and capricious, an abuse of discretion and in violation of 19 U.S.C. § 1517(g)(2) and 5 U.S.C. § 706, or otherwise not in accordance with law, and unsupported by substantial evidence as required under 19 U.S.C. § 1517(c)(1)(A).

## COUNT III

83. The allegations of paragraphs 1 through 73 are restated and incorporated herein by reference.

84. CBP's finding that APPI entered merchandise by means of "material and false" statements was arbitrary and capricious, an abuse of discretion or

otherwise not in accordance with law, and unsupported by substantial evidence for those shipments from Finewood to APPI of hardwood plywood made in Vietnam without Chinese two-ply. The *Orders* do not cover, and did not cover at the time of entry of APPI's shipments, hardwood plywood made in Vietnam without Chinese two-ply. APPI did not make false statements when it entered as type "01" entries its shipments of hardwood plywood made in Vietnam without Chinese two-ply or when it represented such shipments as Vietnamese origin.

85.     Thus, CBP's determinations in the *Evasion Determination,* the *Appeal Determination* and the *Supplemental Determination* in *EAPA Consol. Case No. 7252* that shipments to APPI from Finewood of hardwood plywood made in Vietnam without Chinese two-ply were entered by means of material and false statements were arbitrary and capricious, an abuse of discretion and in violation of 19 U.S.C. § 1517(g)(2) and 5 U.S.C. § 706, or otherwise not in accordance with law, and unsupported by substantial evidence as required under 19 U.S.C. § 1517(c)(1)(A).

## **COUNT IV**

86.     The allegations of paragraphs 1 through 73 are restated and incorporated herein by reference.

87.     Congress authorized CBP to initiate an investigation under EAPA only if CBP determines that information "reasonably suggests that covered merchandise has been entered into the Customs Territory of the United States through evasion." Substantial evidence on the administrative record does not support CBP's decision to initiate this investigation. The videos provided by

21

Plywood Source have already been dismissed by OR&R at page 20 of the *Appeal Determination* as not "provid{ing} any relevant evidence of transshipment or evidence of Finewood's product capacity, or lack thereof . . ." because they lacked audio, were of poor quality, did not establish where the videos were filmed or if "covered merchandise" was even depicted, showed no production activities and did not provide any connection to APPI's imported merchandise.  OR&R characterized these videos in the *Appeal Determination* as constituting the "majority of Plywood Source's allegations . . .."  These legal defects relating to the videos existed at the time CBP elected to initiate.  Furthermore, CBP did not independently verify the veracity of the spreadsheets submitted by Plywood Source with its EAPA petition, which purported to contain "Official Vietnamese Customs Data," because Plywood Source, a business competitor of APPI and the other Importers, represented to CBP that its source for this information wished to remain anonymous.  Instead of testing the veracity of this information, CBP accepted at face value Plywood Source's representation that the Vietnamese Customs data was accurate.

88.    CBP, therefore, had no credible, unbiased, and independently verified information that reasonably suggested that APPI evaded the *Orders*.  As such, CBP's determination to initiate an EAPA investigation against APPI was unsupported by reasonable evidence in violation of 19 U.S.C. § 1517(b)(1) or otherwise not in accordance with law, and unsupported by substantial evidence as required under 19 U.S.C. § 1517(c)(1)(A) and should be terminated *ab initio*.

## COUNT V

89.    The allegations of paragraphs 1 through 73 are restated and incorporated herein by reference.

90.    CBP did not fully comply with all procedures under the EAPA statute sets forth for completing an EAPA investigation and issuing a determination of evasion.  In violation of 19 U.S.C. § 1517(c)(1)(A), CBP failed to conclude its investigation and publish its decision of evasion against APPI "not later than 300 calendar days" after CBP had initiated the EAPA investigation, even after including 37 days for tolling and 60 days for CBP's extension. Furthermore, CBP failed to communicate its determination of invasion to APPI or to Plywood Source within five business days of the 300th day after CBP had initiated the investigation, after factoring in the tolling and the extension, in violation of 19 U.S.C. § 1517(c)(4).

91.    The EAPA statute requires CBP to fully comply with "all procedures under subsections (c) and (f) . . .." *See,* 19 U.S.C. § 1517(g)(2)(A).

92.    Under the EAPA, CBP may impose interim measures, such as those imposed against APPI, based on the lower threshold of "reasonable suspicion." 19 U.S.C. § 1517(e).

93.    The EAPA statute contemplates a final decision within the 300-day period set out in 19 U.S.C. § 1517(c)(1)(A), after which a decision to continue remedial measures against the importer now must be based on the higher

"substantial evidence" standard.  19 U.S.C. § 1517(c)(1)(A) and 19 C.F.R. § 165.27(a).

94.     As enacted, the EAPA statute is designed to protect against open-ended interim measures being imposed on EAPA respondents based merely on a "reasonable suspicion" standard, but instead requires that CBP fully comply with "all the procedures under subsections (c) and (f)," complete its determination within the statutory time limits set out in those subsections and determine whether "substantial evidence" supports or controverts a determination of evasion.  If substantial evidence does not support a finding of evasion, then those punitive, interim measures imposed merely on "reasonable suspicion" are discontinued.

95.     CBP's delay in making its *Evasion Determination* in a timely manner as required by 19 U.S.C. § 1517(c)(1)(A) cased substantially prejudice to APPI via the continuation of the interim measures beyond CBP's statutory deadline for CBP making its final evasion decision based on substantial evidence, not reasonable suspicion.  It was also during this extended period when CBP unlawfully liquidated most of APPI's entries that were the subject of *EAPA Consol. Case No. 7252.*  These unlawful liquidations rate-advanced APPI's entries to the 206% rate for merchandise covered by the *Orders* notwithstanding that APPI's imported hardwood plywood had yet to be determined "covered merchandise" under the EAPA.  The EAPA statute as drafted is designed to avoid such prejudice by requiring timely and transparent adjudication of an EAPA case.

96.     Thus, CBP's determinations in the *Evasion Determination,* the *Appeal Determination,* and the *Supplemental Determination* in *EAPA Consol. Case No. 7252* violate the statutory protections and purpose of 19 U.S.C. § 1517, were arbitrary and capricious, an abuse of discretion and in violation of 19 U.S.C. § 1517(g)(2) and 5 U.S.C. § 706, or otherwise not in accordance with law, and unsupported by substantial evidence where CBP failed to follow the EAPA statute and regulation.

## COUNT VI

97.     The allegations of paragraphs 1 through 73 are restated and incorporated herein by reference.

98.     CBP violated APPI's due process rights by not making available to APPI or its legal counsel complete, unredacted, copies of transcripts, exhibits and documents filed in *EAPA Consol. Case No. 7252* and upon which CBP's decisions were made.  CBP should have established a protective order to allow counsel for APPI and the other parties access to the information CBP had gathered in its EAPA investigation to allow them to prepare the defense of their clients in *EAPA Consol. Case No. 7252*. Furthermore, CBP failed to provide APPI unredacted versions or public summaries of the redacted portions of the *Attaché Report*, *Notice of Initiation*, or the *Verification Report* as required by 19 C.F.R. § 165.4.

99.     Thus, CBP's determinations in the *Evasion Determination,* the *Appeal Determination,* and the *Supplemental Determination* in *EAPA Consol. Case No. 7252* violated the Due Process Clause of the Fifth Amendment of the U.S.

25

Constitution and were otherwise not in accordance with law by failing to provide

APPI adequate due process and opportunity to be heard in *EAPA Consol. Case*

*No. 7252.*


## <u>DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment

as follows:

(1)   Enter judgment in favor of Plaintiff;

(2)   Sustain Counts I through VI of Plaintiff's complaint;

(3)   Remand this matter to U.S. Customs and Border Protection with

instructions to terminate this investigation and order the liquidation of APPI's

unliquidated entries without the addition of antidumping and countervailing duty

and to grant in full APPI's administrative protest 2704-20-142185 contesting CBP's

unlawful premature liquidation of APPI entries subject to *EAPA Consol. Case No.*

*7252.*

(4)   Award Plaintiff a judgment for costs, including reasonable attorney's

fees, in accordance with the Equal Access to Justice Act, 28 U.S.C. § 2412; and

(5)  Grant Plaintiff such additional relief as the Court may deem just and proper.



Respectfully submitted,

/s/Frederic D. Van Arnam, Jr.

**BARNES, RICHARDSON & COLBURN, LLP**
100 William Street, Suite 305
New York, NY 10038
Tel.: (212) 725-0200, ext. 126
Fax: (212) 889-4135
Email:  rvanarnam@barnesrichardson.com
*Counsel for American Pacific Plywood, Inc.*


Dated:  July 20, 2022
New York, NY